**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ANDREW T. SCHERZINGER, | ) | Case No. 23-70009-JAD |
| | ) | |
| Debtor. | ) | |
|                     X | | Chapter 13 |
| | ) | |
| ANDREW T. SCHERZINGER, | ) | |
| | ) | Adversary 23-07001-JAD |
| Plaintiff, | ) | |
| | ) | |
| - v - | ) | Related to ECF 8 |
| | ) | |
| BLAIR COUNTY TAX CLAIM | ) | |
| BUREAU and APOLLO | ) | |
| PROPERTIES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
|                     X | | |

## MEMORANDUM OPINION

The above captioned adversary proceeding is a preference action pursuant to 11 U.S.C. § 547[1] whereby Andrew T. Scherzinger (the "Debtor" or "Plaintiff") seeks to avoid a pre-bankruptcy tax "upset sale."

The upset sale at issue was conducted by defendant Blair County Tax Claim Bureau (the "Bureau") on September 21, 2022 pursuant to Pennsylvania's Real Estate Tax State Law ("RETSL"), 72 P.S. § 5860.101 *et seq.*

The property subject to the upset sale is 320 4th Avenue, Altoona PA 16602,

---

[1] Section 547(b) of the Bankruptcy Code provides that a "transfer of an interest of the debtor in property" may be avoided by the trustee or debtor-in-possession if it "(1) was made to or for the benefit of a creditor, (2) was made for an antecedent debt, (3) was made while the debtor was insolvent, (4) was made on or within 90 days before filing for bankruptcy, and (5) enabled the creditor to receive more than it would have received in a Chapter 7 liquidation proceeding." Hackler v. Arianna Holdings Co., LLC (In re Hackler), 938 F.3d 473, 477 (3d Cir. 2019).

00035073

and is identified in the tax rolls as Tax Parcel No. 01-08-05..-022.00-000 (the

"Property"). The successful purchaser of the Property at the upset sale was

defendant Apollo Properties, LLC ("Apollo").

This action is a core proceeding and this court has the requisite subject-

matter jurisdiction to enter final judgment with respect to the same. See 11 U.S.C.

§§ 157(b)(2)(F) and 1334(b).

The sole issue before the Court is whether the *Motion to Dismiss* filed by

Apollo should be granted because the "transfer" alleged to be preferential falls

outside the ninety (90) day preference period as set forth in 11 U.S.C. § 547(b)(4).

The Debtor filed his bankruptcy case on January 10, 2023, and the salient

facts as pleaded (or inferred) by the Debtor in this adversary proceeding support

the following time frame of events that are germane to this case:

| Date | Event |
|---|---|
| September 21, 2022 | Upset sale date; winning bid by Apollo |
| October 12, 2022 | Ninety (90) preference look-back period begins to run |
| October 21, 2022 | Deadline for Debtor to object or file exceptions to upset sale (none filed) |
| November 4, 2022 | Bureau delivers and records upset sale deed in favor of Apollo |
| January 10, 2023 | Debtor files for chapter 13 bankruptcy relief |

The Debtor alleges that the effective date of the "transfer" of his interest in

the Property is November 4, 2022– which is the date the upset sale tax claim deed was delivered and recorded.

Apollo contends that the effective date of the "transfer" of "property of the Debtor" is September 21, 2022– which is the date of Apollo's winning bid at the upset sale.

According to 11 U.S.C. § 101(54), the term "transfer" means the "foreclosure of a debtor's equity of redemption[.]" See 11 U.S.C. § 101(54)(C).

Under RETSL, the time period to redeem property is the date of an actual sale at the upset sale. See 72 P.S. §§ 5680.501(c) and 5860.607(g). In this case, that would be September 21, 2022 and is outside of the ninety (90) day preference period of 11 U.S.C. § 547(b)(4).

11 U.S.C. § 101(54) further defines the term "transfer" broadly, and defines it as including "each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with . . . property [.]" See 11 U.S.C. § 101(54)(D).

In the context of this broad definition of "transfer," the Debtor again contends that he held "an interest" in the Property during the ninety (90) day preference window, and argues that his interest was not fully disposed of until the tax deed was finally delivered or recorded on November 4, 2022.

Apollo, however, contends that the Debtor's property interest was effectively transferred as a legal and equitable matter at the upset sale on September 21,

2022.    According to Apollo, a consequence of this is that the Bureau's delivery and recordation of the deed on November 4, 2022 was not a transfer of any property **of the Debtor** (since the transfer date from the Debtor is September 21, 2022).

Stated in other words, Apollo contends that at the conclusion of the upset sale on September 21, 2022, (1) the Debtor's interest in the Property was divested, (2) Apollo became the equitable owner of the Property, and (3) the Bureau became the legal owner (who, as trustee, would subsequently deed the legal title to Apollo once the upset sale was confirmed *nisi* under the applicable state process).

In canvassing the record and applicable case law, the Court find's Apollo's position persuasive and concludes that the Debtor's position does not square with applicable state law. See Butner v. United States, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979)(interest in property are generally created and defined by state law).

A recent decision by Chief U.S. Bankruptcy Judge Henry Van Eck in Sanger v. JMG Partners 2021 (In re Sanger), Adversary No. 1:22-ap-00051-HVW, 2023 WL 4921192 (M.D. Pa., Aug. 1, 2023) supports the Court's conclusion.

The facts of Sanger are analogous to the facts *sub judice*. That is, in Sanger the upset sale was conducted outside the ninety (90) day preference window, and the tax deed was delivered to the buyer and recorded within the ninety (90) day preference window.

00035073

Specifically, in <u>Sanger</u>, the bankruptcy case was filed on September 19, 2022, the ninety (90) day preference window began on June 21, 2022, the tax deed was delivered and recorded on June 30, 2022, and the upset sale occurred on September 13, 2021. Faced with these facts, Chief Judge Van Eck examined applicable bankruptcy law and relevant cases decided under RETSL, and held as follows:

> The Court begins its analysis with the threshold requirement of Section 547(b): whether the transfer and recordation of the deed on June 30, 2022 was a transfer of "an interest of the debtor in property" for purposes of Section 547(b). Although the Bankruptcy Code does not define the phrase "interest of the debtor in the property," the United States Supreme Court has held that the phrase "property of the debtor" as used in Section 547(b) is "coextensive with 'interests of the debtor in property' as that term is used in 11 U.S.C. § 541(a)(1)." <u>Begier v. I.R.S.</u>, 496 U.S. 53, 58, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990). "For guidance, then, we must turn to § 541, which delineates the scope of 'property of the estate' and serves as the postpetition analog to § 547(b)'s 'property of the debtor.' " <u>Id</u>. at 58–59, 110 S.Ct. 2258. Section 541(a)(1) provides "that the 'property of the estate' includes 'all legal or equitable interests of the debtor in property as of the commencement of the case.' " <u>Id</u>. at 59, 110 S.Ct. 2258 (quoting 11 U.S.C. § 541(a)(1)); <u>see also</u> <u>Slobodian v. United States IRS (In re Net Pay Sols., Inc.),</u> 822 F.3d 144, 154 (3d Cir. 2016) ("[P]roperty of the debtor subject to [Section 547(b)] is best understood as that property that would have been part of the estate had it not been transferred before the commencement of bankruptcy proceedings." (internal quotation marks omitted)). Thus, the Court must determine whether the Sangers had a legal or equitable interest in the property as of the commencement of this case.
>
> The Sangers' interest in the property, to the extent it exists, is "created and defined by state law." <u>Butner v. United States</u>, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); <u>see also</u> <u>In re Brannon</u>, 476 F.3d 170, 176 (3d Cir. 2007) ("[W]e generally turn to state law for the determination of property rights in the assets of a bankrupt's estate." (internal quotation marks omitted)). Hence, the Court turns

00035073

to Pennsylvania law to determine the extent of the Sangers' interest in the property. In this case, the RETSL largely defines the Sangers' interests since the upset tax sale of the property was conducted under the RETSL. The RETSL provides that a tax claim bureau "become[s] trustee of a property at the moment it concludes the upset sale, that is, when the property is struck down, and legal title to the tax delinquent property passes to the tax claim bureau, as trustee[.]" Com. v. Sprock, 795 A.2d 1100, 1103 (Pa. Commw. Ct. 2002). This "is the most appropriate time for that to happen because the owner's right of redemption at that time is extinguished." Id. The subject property is then "turned over to the Tax Claim Bureau" and "all rights and title vest[ ] in the Bureau, as trustee." Id. at n.9 (citing Bernitsky v. County of Schuylkill, 381 Pa. 128, 112 A.2d 120, 122 (Pa. 1955) and Petition of County Commissioners of Fayette County, 386 Pa. 382, 126 A.2d 737, 739 (Pa. 1956)). Pennsylvania law also provides that when property is sold at a properly conducted upset tax sale, the purchaser becomes the equitable or beneficial owner through the doctrine of equitable conversion. Nguyen v. Delaware Cnty. Tax Claim Bureau, 244 A.3d 96, 102–103 (Pa. Commw. Ct. 2020) (citing DiDonato v. Reliance Standard Life Ins. Co., 433 Pa. 221, 249 A.2d 327, 329 (Pa. 1969)).

In this case, as explained in more detail below, the upset tax sale conducted by the Lebanon County Tax Claim Bureau on September 13, 2021 was held in compliance with the RETSL. As a result, the Lebanon County Tax Claim Bureau became the trustee of the property, JMG became the equitable or beneficial owner, and the Sangers were left with neither an equitable nor a legal interest in the property following the sale. Indeed, at least as of May 11, 2022, the Sangers lacked any right to redeem the property. See 72 Pa. Cons. Stat. § 5860.501(c) ("There shall be no redemption of any property after the actual sale thereof."); 72 Pa. Cons. Stat. § 5860.607(g) (stating that the absolute confirmation of an upset tax sale forecloses the period of redemption after such sale); Sprock, 795 A.2d at 1102 ("After the upset sale, the owner of the property is prohibited from redeeming it."). Therefore, the Court concludes that the Sangers did not hold an interest in the property transferred by deed on June 30, 2022 sufficient to support a preference action under Section 547.

Because the Court finds that the transfer and recordation of the deed did not transfer an interest of the Sangers in the property sufficient to support a preference action under Section 547, JMG is

00035073                                    -6-

entitled to summary judgment on these grounds. However, even assuming that the Sangers could show such an interest, they still cannot establish that the transfer of the deed to JMG on June 30, 2022 enabled JMG to receive more than it would have received in a Chapter 7 liquidation proceeding as required by Section 547(b)(5).

In re Sanger, 2023 WL 4921192 at **3-4.

For the reasons set forth in Sanger, this Court concludes that the *Motion to Dismiss* filed by Apollo has merit.

Hence, pursuant to Fed.R.Civ. 12(b)(6) as incorporated by Fed.R.Bank.P. 7012, this adversary proceeding should be dismissed as a matter of law because the complaint fails to state a claim that a "transfer" of "property of the Debtor" occurred within ninety (90) days of the petition date.

In rendering this decision, the Court has duly considered the circumstances pleaded, which reflect that the time period by which the Debtor could have objected or otherwise filed exceptions to the upset sale under the relevant state law statutory process expired during the ninety (90) day preference window.

However, the Debtor (through counsel) acknowledged at the hearing on the *Motion to Dismiss* that the upset sale was lawfully conducted and that the Debtor had no factual or legal basis to challenge the propriety of the sale under RETSL. Accordingly, at all times alleged, the Debtor had no cognizable basis under RETSL to resurrect any interest conveyed at the September 21, 2022 upset sale.[2]  This

---

[2]  The Court offers no opinion as to whether the outcome of this case would have been different had the Debtor owned valid objections or exceptions to the upset sale.  Nothing contained in this *Memorandum Opinion* should be deemed or construed to be a holding either positively or negatively as to this issue.

conclusion is supported by operation of RETSL, which expressly provides that the

actual sale is confirmed *nisi* (or absolute) prior to the recordation of the tax deed.

See 72 P.S. § 5860.607(a).

   For all of the reasons set forth above, the Court shall enter an order that

grants the *Motion to Dismiss*.

Date: August 18, 2023       _____
            The Honorable Jeffery A. Deller
            United States Bankruptcy Judge

FILED
8/18/23 2:42 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA